IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SARAH VOGT,<br><br>    Plaintiff,<br><br>v.<br><br>KP CONSULTING LLC and FJA PROCESSING SERVICES, LLC,<br><br>    Defendants. | Case No. 2:23-cv-1264 |

## PLAINTIFF'S COMPLAINT

Plaintiff, SARAH VOGT ("Plaintiff"), through the undersigned attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, KP CONSULTING LLC ("KP Consulting") and FJA PROCESSING SERVICES, LLC ("FJA Process") (Collectively "Defendants"):

## INTRODUCTION

1. Count I and II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count III and IV of Plaintiff's Complaint is based on the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 427.101, et seq.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This Court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in City of Wauwatosa, Milwaukee County, State of Wisconsin.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and a person or customer as those terms are used in WIS. STAT. §§ 427.105 and 425.304.

9. Plaintiff allegedly owes a debt or a claim as those terms are defined respectively by 15 U.S.C. § 1692a(5) and WIS. STAT. § 427.103(1).

10. Defendants are debt collectors as that term is defined by 15 U.S.C. § 1692a(6) and WIS. STAT. § 427.103(3).

11. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

12. KP Consulting is a collection agency based in the City of Miami, Miami-Dade County, State of Florida.

13. FJA Process is a business corporation and national payment processing agency based in the City of West Seneca, Erie County, State of New York.

14. Defendants are engaged in the collection of debt within the State of Wisconsin.

15. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

20. Defendants are attempting to collect an alleged consumer debt from Plaintiff, allegedly arising from a payday loan with 605 Lending.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around October 2022, KP Consulting began calling Plaintiff on her telephone number at 414-460-7240, in an attempt to collect the alleged debt.

23. KP Consulting calls Plaintiff from 833-743-1161 and 888-985-4219, which are two of KP Consulting's telephone numbers.

24. In or around October 2022, one of KP Consulting's collectors called Plaintiff and left the following voicemail message on Plaintiff's telephone:

> "Sarah Vogt. This is location specialist Chris Harris calling for the final time in reference to a pending claim. I have contacted you trying to get

your name off the filing that is soon to be public record. Now, I will be over to job within an hour to get your signature to help move the filing along. You have the legal right to contact the filing party before I arrive. Their number's 888-985-4139. If I do not hear from the filing party right away, I will be seeing you."

25. On or around October 31, 2022, one of KP Consulting's collectors, called Plaintiff and left the following voicemail message on Plaintiff's telephone:

> Good morning. This message is for Sarah Vogt. This is Claire Coleman calling from KP Consulting regarding claim number 3535511. You had a restitution arrangement scheduled in my office, and unfortunately, you faltered. I do need to hear from you as soon as possible. Please contact me back immediately at 888-985-4139.

26. On or about October 27, 2022, Plaintiff retained counsel, Agruss Law Firm, to represent her in the instant case.

27. On or about October 31, 2022, Plaintiff's counsel faxed a cease-and-desist letter to KP Consulting, requesting for KP Consulting to cease communication with Plaintiff and informing KP Consulting that Plaintiff is represented by counsel with respect to the alleged debt.

28. Despite the foregoing, KP Consulting continued to call Plaintiff unabated in an attempt to collect the alleged debt.

29. On or about November 14, 2022, one of KP Consulting's collectors called Plaintiff and left the following voicemail message on Plaintiff's telephone:

> "Hi, Miss Vogt. This is Jennifer with KP Consulting. You had a payment arrangement regarding a 605lending account on Friday that defaulted. I do need to hear back from you as soon as possible. I was out of the office that day, but I'm just giving you a heads up because if I don't hear back from you by the end of today, they are going to reissue everything. So, give me a call, 888-985-4484."

30. In or around November 2022, after receiving the above-mentioned voicemail message, Plaintiff called KP Consulting and spoke with KP Consulting's representatives.

4

31. During the conversation with KP Consulting's representative:

    a. KP Consulting's representative falsely represented that KP Consulting was sending FJA Process to Plaintiff's home and place of employment.

    b. KP Consulting's representative demanded for Plaintiff to enter into a payment plan with KP Consulting.

    c. Relying on KP Consulting's empty threats, Plaintiff agreed to a payment plan and made a payment to KP Consulting's representative in the amount of $100.00 plus a service fee of $11.00.

32. To date, Defendants have not taken legal action against Plaintiff.

33. Defendants never intended to take legal action against Plaintiff.

34. Defendants are or should be familiar with the FDCPA.

35. Defendants know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

36. Defendants know or should know that the FDCPA requires a debt collector to provide meaningful disclosure of the caller's identity when communicating with a consumer.

37. Defendants' actions were calculated to coerce Plaintiff into payment of the alleged debt.

38. The natural consequences of Defendants' actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owes.

39. The natural consequences of Defendants' actions were to produce an unpleasant and/or hostile situation between Defendants and Plaintiff.

40. The natural consequences of Defendant's actions were to cause Plaintiff mental distress.

**COUNT I**
**DEFENDANT KP CONSULTING LLC VIOLATED THE FAIR DEBT COLLECTION**

## PRACTICES ACT

41. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein under Count I of Plaintiff's Complaint.

42. KP Consulting violated the FDCPA based on the following:

    a. KP Consulting violated § 1692a(2) of the FDCPA by communicating a consumer who is represented by an attorney, when KP Consulting continued to attempt to communicate with Plaintiff after receiving notice that Plaintiff is represented by an attorney with respect to the alleged debt;

    a. KP Consulting violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when KP Consulting continued to attempt to communicate with Plaintiff after receiving notice that Plaintiff is represented by an attorney with respect to the alleged debt;

    b. KP Consulting violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when KP Consulting continued to call Plaintiff after receiving notice that Plaintiff is represented by an attorney with respect to the alleged debt;

    c. KP Consulting violated § 1692d(6) of the FDCPA by placing a call to Plaintiffs without meaningful disclosure of the caller's identity, when KP Consulting left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from K.P Consulting;

    d. KP Consulting violated § 1692e of the FDCPA by its use of any false, deceptive,

or misleading representation or means in connection with the collection of any debt, when KP Consulting engaged in engaged in, at least, the following discrete violations of § 1692e;

1. KP Consulting violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when KP Consulting falsely represented that a lawsuit was filed against Plaintiff;

2. KP Consulting violated § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken, when KP Consulting threatened to take legal action against Plaintiff and KP Consulting did not intend to take such action;

3. KP Consulting violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when KP Consulting falsely represented that a lawsuit was filed against Plaintiff to coerce Plaintiff into making a payment to KP Consulting;

4. KP Consulting violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when KP Consulting left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose that the communication is from a debt collector and/or an attempt to collect a debt; and

e. KP Consulting violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when KP

Consulting engaged in all of the foregoing misconduct.

43. KP Consulting's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. As a result of the foregoing violations of the FDCPA, KP Consulting is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

WHEREFORE, Plaintiff, SARAH VOGT, respectfully requests that judgment be entered against K.P CONSULTING LLC for the following:

45. Actual damages of approximately $111.00 pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent violations of the FDCPA, in an amount to be determined at trial;

46. Statutory damages from KP Consulting pursuant to 15 U.S.C. § 1692k(a)(2)(A);

47. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

48. For such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT FJA PROCESSING SERVICES, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff repeats and re-alleges paragraphs 1-40 of Plaintiff's Complaint as the allegations of Count II of Plaintiff's Complaint.

50. As alleged above, FJA Process is a debt collector as defined by the FDCPA.

51. FJA Process has the burden of monitoring the activities of KP Consulting.

52. KP Consulting violated the FDCPA.

53. FJA Process is vicariously liable for the unlawful collection activities carried out by KP Consulting on its behalf.

8

WHEREFORE, Plaintiff, SARAH VOGT, respectfully requests that judgment be entered against FJA PROCESSING SERVICES, LLC for the following:

54. Actual damages of approximately $111.00 pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent violations of the FDCPA, in an amount to be determined at trial;

55. Statutory damages from FJA Process pursuant to 15 U.S.C. § 1692k(a)(2)(A);

56. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

57. For such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT KP CONSULTING LLC VIOLATED THE WISCONSIN CONSUMER ACT

58. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein under Count III of Plaintiff's Complaint.

59. KP Consulting violated the Wisconsin Consumer Act. KP Consulting's violations include, but are not limited to, the following:

    a. KP Consulting violated WIS. STAT. § 427.104(1)(g) by communicating with a customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the consumer, when KP Consulting continued to attempt to communicate with Plaintiff after receiving notice that Plaintiff is represented by an attorney with respect to the alleged debt;

    b. KP Consulting violated WIS. STAT. § 427.104(1)(h) by engaging in other conduct which can reasonably be expected to harass the customer, when KP Consulting continued to attempt to communicate with Plaintiff after receiving notice that Plaintiff is represented by an attorney with respect to the alleged debt;

9

  c. KP Consulting violated WIS. STAT. § 427.104(1)(j) by claiming or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist, when KP Consulting falsely represented a lawsuit is filed against Plaintiff, when KP Consulting threatened to take legal action against Plaintiff and KP Consulting did not intend to take such action, when KP Consulting threatened to send a process server to Plaintiff's home and job; and

  d. KP Consulting violated WIS. STAT. § 427.104(1)(l) by threatening action against the customer unless like action is taken in regular course or is intended with respect to the particular debt, when KP Consulting threatened to take legal action against Plaintiff and KP Consulting did not intend to take such action.

60. KP Consulting's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

61. As a result of the foregoing violations of the Wisconsin Consumer Act, KP Consulting is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

WHEREFORE, Plaintiff, SARAH VOGT, respectfully requests that judgment be entered against Defendant K.P CONSULTING LLC for the following:

62. Actual damages pursuant to WIS. STAT. §§ 427.105(1) and 427.304(2) including for the emotional distress or mental anguish suffered as a result of both the intentional and/or negligent violations of the Wisconsin Consumer Act, in an amount to be determined at trial;

63. Statutory damages from KP Consulting pursuant to WIS. STAT. § 427.304(1);

64. Costs and reasonable attorney's fees pursuant to pursuant to WIS. STAT. § 425.308; and

65. For such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT FJA PROCESSING SERVICES, LLC VIOLATED THE WISCONSIN CONSUMER ACT

66. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein under Count IV of Plaintiff's Complaint.

67. FJA Process violated the Wisconsin Consumer Act. FJA Process's violations include, but are not limited to, the following:

    e. FJA Process violated WIS. STAT. § 427.104(1)(g) by communicating with a customer with such frequency or at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the consumer, when FJA Process continued to attempt to communicate with Plaintiff after receiving notice that Plaintiff is represented by an attorney with respect to the alleged debt;

    f. FJA Process violated WIS. STAT. § 427.104(1)(h) by engaging in other conduct which can reasonably be expected to harass the customer, when FJA Process continued to attempt to communicate with Plaintiff after receiving notice that Plaintiff is represented by an attorney with respect to the alleged debt;

    g. FJA Process violated WIS. STAT. § 427.104(1)(j) by claiming or attempting or threatening to enforce a right with knowledge or reason to know that the right does not exist, when FJA Process falsely represented a lawsuit is filed against Plaintiff, when FJA Process threatened to take legal action against Plaintiff and FJA Process did not intend to take such action, when FJA Process threatened to send a process server to Plaintiff's home and job; and

    h. FJA Process violated WIS. STAT. § 427.104(1)(l) by threatening action against the

customer unless like action is taken in regular course or is intended with respect to the particular debt, when FJA Process threatened to take legal action against Plaintiff and KP Consulting did not intend to take such action.

68. FJA Process's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

69. As a result of the foregoing violations of the Wisconsin Consumer Act, KP Consulting is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

WHEREFORE, Plaintiff, SARAH VOGT, respectfully requests that judgment be entered against Defendant FJA PROCESSING SERVICES, LLC for the following:

70. Actual damages pursuant to Wis. Stat. §§ 427.105(1) and 427.304(2) including for the emotional distress or mental anguish suffered as a result of both the intentional and/or negligent violations of the Wisconsin Consumer Act, in an amount to be determined at trial;

71. Statutory damages from FJA Process pursuant to Wis. Stat. § 427.304(1);

72. Costs and reasonable attorney's fees pursuant to pursuant to Wis. Stat. § 425.308; and

For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

Date: September 25, 2023          AGRUSS LAW FIRM, LLC

By: /s/ Michael Agruss
    Michael Agruss
    Agruss Law Firm, LLC
    1301 W 22nd Street, Suite 711
    Oak Brook, IL 60523
    Tel: 312-462-4112
    Fax: 312-253-4451

Mike.agruss@844seemike.com
Counsel for Claimant